**IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY**

| | |
|---|---|
| **EMILY DONLIN, individually and on behalf of P.N.D.,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**UNITED STATES DRUG TESTING LABORATORIES,**<br><br>**Defendant.** | CASE NO. _____<br><br><br>**PETITION AT LAW AND JURY DEMAND** |

**COMES NOW** the Plaintiff, Emily Donlin, individually and on behalf of P.N.D., and for her causes of action respectfully states as follows:

## PARTIES

1. Emily Donlin was a United States citizen and was a resident of Monroe County, Iowa at all times relevant to the events complained of herein.

2. P.N.D. is the minor child of Emily Donlin and is a United States citizen and was a resident of Monroe County, Iowa at all times relevant to the events complained of herein.

3. Defendant United States Drug Testing Laboratories ("USDTL") is a for-profit Illinois corporation with its principal place of business in Illinois.

## JURISDICTION AND VENUE

4. Venue is proper in the District Court for Polk County pursuant to Iowa Code § 616.18, as the district in which the acts and omissions complained of occurred.

5. Subject matter jurisdiction of the District Court for Polk County is proper pursuant to Iowa Code § 602.6101.

1

6. This Court has personal jurisdiction over defendant USDTL because it availed itself of the privilege of doing business in Iowa. There are sufficient minimum contacts to subject USDTL to litigation in Iowa. USDTL had continuous business dealings with entities of and operating in Iowa. USDTL owns and maintains the website www.usdtl.com, which lists many "Collector Locations" in Florida where DBS PEth tests are not only administered, but often the collection supplies are shipped at no extra cost. *See, e.g.*, https://www.usdtl.com/collection/supplies-2.

7. The amount in controversy exceeds the jurisdictional amount.

## GENERAL FACTUAL ALLEGATIONS

8. In 2023, Emily and Michael Donlin were happily expecting their second child.

9. In the evening of March 29, 2023, Emily Donlin delivered a son, P.N.D.

10. A hospital nurse collected part of the umbilical cord that had connected Emily to P.N.D. and sent the umbilical cord to USDTL for testing.

11. USDTL employees received the umbilical cord sample from the hospital and submitted it for processing, despite errors and omissions on the custody and control sheet.

12. The form USDTL received listed "umbilical cord" as the sample type but did not specify which type of testing the sample should receive, nor did it provide any reason for the testing.

13. USDTL performed a drug test on the umbilical cord sample. The sample returned a false positive result for cocaine.

14. Upon information and belief, USDTL employees failed to conduct additional confirmatory testing.

15. On April 6, 2023, USDTL employees issued a final report which showed a false positive result for cocaine.

16. On April 14, 2023, hospital staff called USDTL employees to confirm the positive result.

17. USDTL never contacted Emily to inform her of the positive result.

18. Emily did not learn of the false positive until a social worker with the Department of Health and Human Services ("DHHS") came knocking on her door.

19. DHHS evaluated the case and issued a "Founded" report for child abuse based solely on the false positive test.

20. Due to the actions of Defendant's employees, Emily was incorrectly placed on the Central Abuse Registry.

21. Following the false positive, Emily tested negative on every single drug test she completed, including at least 8 urine and hair tests. One of the tests, a 12-month hair test, demonstrated that there were no illegal substances within Emily's system over a year-long period.

22. When the umbilical cord sample was later retested by another laboratory, the results confirmed what Emily had known all along: the first test had returned a false positive.

23. USDTL employees did not take any opportunity to rectify its mistake or to assist Emily in getting re-tested to clear her name.

24. Meanwhile, Emily and Michael were dragged into expensive and stressful Child in Need of Assistance ("CINA") proceedings based on the single positive test.

25. As a direct result of Defendant's actions, an event that should have been a joyous experience for Emily and her family caused serious and lasting emotional damage that has shattered Emily's trust in medical professionals and left her traumatized.

26. USDTL is liable for its employees' actions and inactions under the doctrine of respondeat superior.

## CAUSES OF ACTION

### COUNT 1
### NEGLIGENCE

27. USDTL owed a duty to Plaintiffs to exercise reasonable care, diligence, and prudence in its research, development, validation, manufacturing, packaging, marketing, promotion, distribution, sale, and commercial use of its umbilical cord testing.

28. USDTL owed a duty to Plaintiffs to exercise reasonable care, diligence, and prudence in its handling, storage, analysis, interpretation, reporting, and sharing data and/or results from umbilical cord samples collected from patients.

29. USDTL owed a duty to exercise reasonable care, diligence, and prudence in its training and supervision of donors and collectors involved with its umbilical cord testing scheme.

30. USDTL owed a duty to ensure that the agents or employees it hired to research, develop, validate, manufacture, package, handle, market, promote, distribute, sell, or otherwise participate in its umbilical cord testing scheme, including but not limited to analyzing samples, interpreting data, and reporting results, were fit for the work at the time they were hired or retained.

31. USDTL breached the aforementioned duties and was negligent in the following respects:

    a. Negligence per se for reporting inaccurate false positive;

    b. Setting "cut-off" levels at an arbitrary and unreliably low level such that they are likely to produce incorrect and/or "false positive" results;

    c. Failing to conduct scientific or medical studies and/or utilize accepted standards of laboratory practice to determine appropriate "cut-off" levels;

    d. Failing to conduct verification testing;

    e. Failing to exclude other causes for positive test results;

    f. Failing to use due care in the interpretation and reporting of results;

    g. Failing to properly train and supervise staff in preparing samples and conducting testing;

    h. Failing to have policies and procedures in place for individuals seeking retesting and/or validation of testing.

32. Defendant's actions were willful, wanton, unlawful, and in gross disregard of Plaintiffs' civil rights, justifying an award of punitive damages.

33. As a result of Defendant's acts and omissions, Plaintiffs have in the past and will in the future suffer injuries and damages.

## COUNT 2
## DEFAMATION

34. USDTL employees orally and in writing communicated to other individuals that Plaintiffs' umbilical cord was positive for cocaine.

35. The USDTL employees' statements were untrue.

36. The false statements regarding the cocaine results are libelous per se.

37. Plaintiffs were damaged by the false statements.

## COUNT 3
## FALSE LIGHT INVASION OF PRIVACY

38. USDTL publicized the results of Plaintiff's drug test to the hospital as positive for cocaine when in fact it was a false positive result.

39. By incorrectly reporting to the hospital the result of Plaintiffs' drug test as positive, USDTL placed Plaintiff in a false light.

40. The false light in which USDTL placed Plaintiffs would be highly offensive to a reasonable person.

41. USDTL had knowledge of or acted in reckless disregard as to the false characterization of the positive drug test result and the false light in which it placed Plaintiffs.

42. Plaintiffs suffered harm as a direct result of the actions of USDTL, including but not limited to, emotional and psychological pain and suffering and injury to reputation.

## PRAYER FOR RELIEF

Plaintiffs pray for Judgment against the aforementioned Defendant as follows:

a. Actual, compensatory, consequential, and all other allowable damages against Defendant in an amount yet to be determined;

b. Compensation for violation of their constitutional rights, mental anguish, and humiliation;

c. Plaintiffs' cost in this action, including reasonable attorney's fees and costs;

d. Declaratory relief;

e. Injunctive relief;

f. An award of pre-judgment interest;

g. Punitive damages; and

h. Any other relief the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury in this matter on all counts to which Plaintiffs are entitled to a jury.

**PARRISH KRUIDENIER LAW FIRM, L.L.P.**

By:   /s/ *Gina Messamer*
      Gina Messamer      AT0011823
      2910 Grand Avenue
      Des Moines, Iowa 50312
      Telephone: (515) 284-5737
      Facsimile: (515) 284-1704
      Email: gmessamer@parrishlaw.com
      **ATTORNEY FOR PLAINTIFFS**

**Electronically filed.**

**Copy to: Client**

**IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY**

| | |
|---|---|
| **EMILY DONLIN, individually and on behalf of P.N.D.,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**UNITED STATES DRUG TESTING LABORATORIES,**<br><br>**Defendant.** | CASE NO. _____<br><br><br><br>**PETITION AT LAW AND JURY DEMAND** |

**COMES NOW** the Plaintiff, Emily Donlin, individually and on behalf of P.N.D., and for her causes of action respectfully states as follows:

**PARTIES**

1. Emily Donlin was a United States citizen and was a resident of Monroe County, Iowa at all times relevant to the events complained of herein.

2. P.N.D. is the minor child of Emily Donlin and is a United States citizen and was a resident of Monroe County, Iowa at all times relevant to the events complained of herein.

3. Defendant United States Drug Testing Laboratories ("USDTL") is a for-profit Illinois corporation with its principal place of business in Illinois.

**JURISDICTION AND VENUE**

4. Venue is proper in the District Court for Polk County pursuant to Iowa Code § 616.18, as the district in which the acts and omissions complained of occurred.

5. Subject matter jurisdiction of the District Court for Polk County is proper pursuant to Iowa Code § 602.6101.

1

6. This Court has personal jurisdiction over defendant USDTL because it availed itself of the privilege of doing business in Iowa. There are sufficient minimum contacts to subject USDTL to litigation in Iowa. USDTL had continuous business dealings with entities of and operating in Iowa. USDTL owns and maintains the website www.usdtl.com, which lists many "Collector Locations" in Florida where DBS PEth tests are not only administered, but often the collection supplies are shipped at no extra cost. *See, e.g.*, https://www.usdtl.com/collection/supplies-2.

7. The amount in controversy exceeds the jurisdictional amount.

## GENERAL FACTUAL ALLEGATIONS

8. In 2023, Emily and Michael Donlin were happily expecting their second child.

9. In the evening of March 29, 2023, Emily Donlin delivered a son, P.N.D.

10. A hospital nurse collected part of the umbilical cord that had connected Emily to P.N.D. and sent the umbilical cord to USDTL for testing.

11. USDTL employees received the umbilical cord sample from the hospital and submitted it for processing, despite errors and omissions on the custody and control sheet.

12. The form USDTL received listed "umbilical cord" as the sample type but did not specify which type of testing the sample should receive, nor did it provide any reason for the testing.

13. USDTL performed a drug test on the umbilical cord sample. The sample returned a false positive result for cocaine.

14. Upon information and belief, USDTL employees failed to conduct additional confirmatory testing.

15. On April 6, 2023, USDTL employees issued a final report which showed a false positive result for cocaine.

16. On April 14, 2023, hospital staff called USDTL employees to confirm the positive result.

17. USDTL never contacted Emily to inform her of the positive result.

18. Emily did not learn of the false positive until a social worker with the Department of Health and Human Services ("DHHS") came knocking on her door.

19. DHHS evaluated the case and issued a "Founded" report for child abuse based solely on the false positive test.

20. Due to the actions of Defendant's employees, Emily was incorrectly placed on the Central Abuse Registry.

21. Following the false positive, Emily tested negative on every single drug test she completed, including at least 8 urine and hair tests. One of the tests, a 12-month hair test, demonstrated that there were no illegal substances within Emily's system over a year-long period.

22. When the umbilical cord sample was later retested by another laboratory, the results confirmed what Emily had known all along: the first test had returned a false positive.

23. USDTL employees did not take any opportunity to rectify its mistake or to assist Emily in getting re-tested to clear her name.

24. Meanwhile, Emily and Michael were dragged into expensive and stressful Child in Need of Assistance ("CINA") proceedings based on the single positive test.

25. As a direct result of Defendant's actions, an event that should have been a joyous experience for Emily and her family caused serious and lasting emotional damage that has shattered Emily's trust in medical professionals and left her traumatized.

26. USDTL is liable for its employees' actions and inactions under the doctrine of respondeat superior.

## CAUSES OF ACTION

### COUNT 1
### NEGLIGENCE

27. USDTL owed a duty to Plaintiffs to exercise reasonable care, diligence, and prudence in its research, development, validation, manufacturing, packaging, marketing, promotion, distribution, sale, and commercial use of its umbilical cord testing.

28. USDTL owed a duty to Plaintiffs to exercise reasonable care, diligence, and prudence in its handling, storage, analysis, interpretation, reporting, and sharing data and/or results from umbilical cord samples collected from patients.

29. USDTL owed a duty to exercise reasonable care, diligence, and prudence in its training and supervision of donors and collectors involved with its umbilical cord testing scheme.

30. USDTL owed a duty to ensure that the agents or employees it hired to research, develop, validate, manufacture, package, handle, market, promote, distribute, sell, or otherwise participate in its umbilical cord testing scheme, including but not limited to analyzing samples, interpreting data, and reporting results, were fit for the work at the time they were hired or retained.

31. USDTL breached the aforementioned duties and was negligent in the following respects:

    a. Negligence per se for reporting inaccurate false positive;

    b. Setting "cut-off" levels at an arbitrary and unreliably low level such that they are likely to produce incorrect and/or "false positive" results;

    c. Failing to conduct scientific or medical studies and/or utilize accepted standards of laboratory practice to determine appropriate "cut-off" levels;

    d. Failing to conduct verification testing;

    e. Failing to exclude other causes for positive test results;

    f. Failing to use due care in the interpretation and reporting of results;

    g. Failing to properly train and supervise staff in preparing samples and conducting testing;

    h. Failing to have policies and procedures in place for individuals seeking retesting and/or validation of testing.

32. Defendant's actions were willful, wanton, unlawful, and in gross disregard of Plaintiffs' civil rights, justifying an award of punitive damages.

33. As a result of Defendant's acts and omissions, Plaintiffs have in the past and will in the future suffer injuries and damages.

## COUNT 2
## DEFAMATION

34. USDTL employees orally and in writing communicated to other individuals that Plaintiffs' umbilical cord was positive for cocaine.

35. The USDTL employees' statements were untrue.

36. The false statements regarding the cocaine results are libelous per se.

37. Plaintiffs were damaged by the false statements.

## COUNT 3
## FALSE LIGHT INVASION OF PRIVACY

38. USDTL publicized the results of Plaintiff's drug test to the hospital as positive for cocaine when in fact it was a false positive result.

39. By incorrectly reporting to the hospital the result of Plaintiffs' drug test as positive, USDTL placed Plaintiff in a false light.

40. The false light in which USDTL placed Plaintiffs would be highly offensive to a reasonable person.

41. USDTL had knowledge of or acted in reckless disregard as to the false characterization of the positive drug test result and the false light in which it placed Plaintiffs.

42. Plaintiffs suffered harm as a direct result of the actions of USDTL, including but not limited to, emotional and psychological pain and suffering and injury to reputation.

## PRAYER FOR RELIEF

Plaintiffs pray for Judgment against the aforementioned Defendant as follows:

a. Actual, compensatory, consequential, and all other allowable damages against Defendant in an amount yet to be determined;

b. Compensation for violation of their constitutional rights, mental anguish, and humiliation;

c. Plaintiffs' cost in this action, including reasonable attorney's fees and costs;

d. Declaratory relief;

e. Injunctive relief;

f. An award of pre-judgment interest;

g. Punitive damages; and

h. Any other relief the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury in this matter on all counts to which Plaintiffs are entitled to a jury.

**PARRISH KRUIDENIER LAW FIRM, L.L.P.**

By: /s/ *Gina Messamer*
Gina Messamer        AT0011823
2910 Grand Avenue
Des Moines, Iowa 50312
Telephone: (515) 284-5737
Facsimile: (515) 284-1704
Email: gmessamer@parrishlaw.com
**ATTORNEY FOR PLAINTIFFS**

**Electronically filed.**

**Copy to: Client**

**IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY**

| | |
|---|---|
| **EMILY DONLIN, individually and on behalf of P.N.D.,**<br><br>Plaintiffs,<br><br>vs.<br><br>**UNITED STATES DRUG TESTING LABORATORIES**<br><br>**Defendant.** | **CASE NO. LACL162129**<br><br><br><br>**ORIGINAL NOTICE** |

**TO THE ABOVE-NAMED DEFENDANT:   UNITED STATES DRUG TESTING LABORATORIES**

You are notified that a Petition at Law and Jury Demand has been filed in the office of the Clerk of Court in the above-captioned action.  A copy of the Petition (and any documents filed with it) is attached to this Original Notice.  Plaintiff's attorney is **Gina Messamer of PARRISH KRUIDENIER LAW FIRM, L.L.P. whose address is 2910 Grand Avenue, Des Moines, Iowa 50312; (515) 284-5737, facsimile (515) 284-1704.**

This Petition was filed on the 8th day of April, 2025.

**THIS CASE HAS BEEN FILED IN A COUNTY THAT UTILIZES ELECTRONIC FILING.  FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM.  FOR COURT RULES ON THE PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16.**

You are further notified that unless, within sixty (60) days after service of this Original Notice upon you and, within a reasonable time thereafter, file your motion or answer by using the Iowa Judicial Branch Electronic Filing Interface at https://www.iowacourts.state.ia.us/EFile, judgment will be entered against you upon Respondent's claim together with interest and court costs.

NOTE:  The attorney who is expected to represent the Defendant should be promptly advised by Defendant of the service of this Notice.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 421-0990.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.

| | | |
|---|---|---|
| **Iowa Judicial Branch** | Case No. | **LACL162129** |
| | County | **Polk** |

*Case Title*  EMILY DONLIN ET AL VS UNITED STATES DRUG TESTING LABS

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 561-5818**. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued* **04/09/2025 09:53:43 AM**



*District Clerk of Court or/by Clerk's Designee of* Polk   *County*
/s/ Andrea Hernandez

NOTICE OF REMOVAL - EXHIBIT A

# AFFIDAVIT OF SERVICE

| Case:<br>LACL162129 | Court:<br>IN THE IOWA DISTRICT COURT | County:<br>IN AND FOR POLK COUNTY | Job:<br>13232805 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>EMILY DONLIN, individually and on behalf of P.N.D. | | **Defendant / Respondent:**<br>UNITED STATES DRUG TESTING LABORATORIES | |
| **Received by:**<br>Iowa Process Service | | **For:**<br>Parrish Law Firm | |
| **To be served upon:**<br>United States Drug Testing Laboratories c/o Joseh E. Keavy, Registered Agent | | | |

I, Spenser Kern, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Jennifer DeSimone, Receptionist for United States Drug Testing Laboratories c/o Joseh E. Keavy, Registered Agent, 1755 Naperville Road Suite 200, Wheaton, IL 60189

**Manner of Service:** Authorized, May 19, 2025, 2:40 pm CDT

**Documents:** Original Notice; Petition at Law and Jury Demand (Received May 2, 2025 at 10:24am CDT)

**Additional Comments:**
1) Served: May 19, 2025, 2:40 pm CDT at 1755 Naperville Road Suite 200, Wheaton, IL 60189 received by Jennifer DeSimone, Receptionist for United States Drug Testing Laboratories c/o Joseh E. Keavy, Registered Agent. Age: 47-54; Ethnicity: Caucasian; Gender: Female; Weight: 170; Height: 5'8"; Hair: Blond;

_____  6/6/25
Spenser Kern            Date
129453303

Iowa Process Service
P.O. Box 1
Winterset, IA 50273

*Subscribed and sworn to before me by the affiant who is personally known to me.*

_____
**Notary Public**

06-06-2025          03-22-2027
**Date**          **Commission Expires**

OFFICIAL SEAL
RODNEY T. KERN
Notary Public - State of Illinois
Commission No. 969002
My Commission Expires March 22, 2027